IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD A. LECHLITER, | § | |
| | § | No. 619, 2015 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| SUSSEX COUNTY PLANNING | § | |
| AND ZONING COMMISSION, J.G. | § | C.A. No. S15A-05-003 |
| TOWNSEND, JR. & CO., and JACK | § | |
| LINGO ASSET MANAGEMENT, | § | |
| LLC, | § | |
| | § | |
| Respondents Below- | § | |
| Appellees. | § | |

Submitted: March 4, 2016
Decided: April 28, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 28th day of April 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Gerald Lechliter, filed this appeal from the Superior Court's order dated May 11, 2015 and from the letter opinion dated October 20, 2015, which denied reargument. The Superior Court dismissed Lechliter's "Petition for Writ of Certiorari and Appeal" as untimely. After careful consideration, we find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The underlying matter involves a subdivision application filed by the appellees, J.G. Townsend, Jr. & Company ("Townsend") and Jack Lingo Asset Management, LLC ("Lingo"), as the owner and developer, respectively, of the subdivision referred to as Harbor Point. On March 12, 2015, the Sussex County Planning and Zoning Commission ("the Commission") granted preliminary approval of Harbor Point with conditions. The Commission notified Townsend and Lingo that the preliminary approval was valid for three years, during which time the conditions must be satisfied. On May 7, 2015, Lechliter filed his "Petition for Writ of Certiorari and Appeal" with the Superior Court, seeking to challenge the Commission's decision. On May 11, 2015, the Superior Court, *sua sponte*, dismissed Lechliter's petition, holding that the petition was untimely under Section 99-39C of the Sussex County Code[1] and 9 *Del. C.* § 6918.[2]

(3) Lechliter filed a motion for reargument. Thereafter, the Superior Court directed legal counsel for the Commission to file a response to the motion for reargument and permitted Lechliter to file a reply. The

---

[1] Section 99-39C of the Sussex County Code provides that appeals to the Superior Court shall be "in the same manner as appeals from decisions of the Board of Adjustment as specified in 9 *Del. C.* § 6918."

[2] 9 *Del. C.* § 6918 provides that a person aggrieved by a decision of the Board of Adjustment "may present to the Superior Court in and for Sussex County, a petition….within 30 days after the filing of the decision…."

2

Superior Court issued a letter opinion, which was dated October 20, 2015, denying Lechliter's motion for reargument. The Superior Court expressly rejected Lechliter's contention that his filing was not untimely because he had 60 days under 10 *Del. C.* § 8126 to file his petition, holding that § 8126 only applies to final approvals and the Commission's approval in this case was only preliminary. The Superior Court also held that, under § 99-39 of the Sussex County Code, Lechliter's right of review of the Commission's decision approving the preliminary plat plan was to the Sussex County Council. Even if Lechliter had not been required to exhaust his administrative remedies by filing his petition with the County Council first, the Superior Court found that his petition was still subject to dismissal because it was untimely under 9 *Del. C.* § 6918. This appeal followed.

(4) The Court has carefully considered the parties' briefs and the record on appeal. We find it evident that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its well-reasoned letter opinion, dated October 20, 2015, denying Lechliter's motion for reargument. The Superior Court properly held that, even if Lechliter could have overcome the presumption favoring the doctrine of exhaustion of administrative remedies, his petition was still subject to summary dismissal because it was untimely under 9 *Del. C.* § 6918.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice